# EXHIBIT A

Case 1:21-cv-00623 Document 1-2 Filed 05/14/21 Page 2 of 52

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

───────────────────────────────

**BENJAMIN W. CLIFF,**
**375 Maryland Street, Upper**
**Buffalo, New York 14201**

|  |  |
|---|---|
| **Plaintiff,** | **SUMMONS** |
| **vs.** | **Index No.** |

**JACOB GARCIA,**
**6419 Holloman Brook Court**
**Plant City, Florida 22565**

**BASIC CONCEPTS, INC.,**
**1904 Industrial Park Dr.**
**Plant City, Florida 33566**

**Defendants.**

───────────────────────────────

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the
Plaintiff's attorneys, at the address stated below, a written Answer to the attached
Complaint.

If this Summons is served upon you within the State of New York by personal
service you must respond within twenty (20) days after service, not counting the day of
service. If this Summons is not personally delivered to you within the State of New
York, you must respond within thirty (30) days after service is complete, as provided by
law.

1

If you do not respond to the attached Complaint within the applicable time limitation stated above a Judgment will be entered against you, by default for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because it is the Plaintiff's County of residence.

**DATED:**   Buffalo, New York
June 23, 2020

Lee J. Fabiatos, Esq.
O'Brien & Ford, P.C.
Attorneys for Plaintiff
4549 Main Street, Suite 201
Buffalo, New York 14226
TEL: (716) 907-7777

2

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

---

**BENJAMIN W. CLIFF,**

   **Plaintiff,**

vs.

**JACOB GARCIA,**

**BASIC CONCEPTS, INC.,**

   **Defendants.**

**COMPLAINT**

**Index No.**

---

Plaintiff, Benjamin W. Cliff, by his attorneys, O'Brien & Ford, P.C., as and for her Complaint against the Defendant Jacob Garcia and Defendant Basic Concepts, Inc. (hereinafter referenced as "Defendants"), hereby states and alleges:

1.  At all times hereinafter referenced, Plaintiff Benjamin W. Cliff was and is a resident of the County of Erie and State of New York.

2.  Upon information and belief, and at all times hereinafter referenced, Defendant Jacob Garcia was and is a resident of the County of Hillsborough and State of Florida.

3.  Upon information and belief, and at all times hereinafter referenced, Defendant Basic Concepts Inc., was and is a foreign corporation with a principal place of business in the State of Florida, and was and is authorized to do business within the State of New York and was and is doing business within the State of New York.

4.  The Plaintiff Benjamin W. Cliff was at all times hereinafter referenced using due care.

3

5.      On or about August 13, 2019, at approximately 6:51 p.m., and at all times hereinafter referenced, Plaintiff Benjamin W. Cliff was a bicyclist on Elmwood Avenue at, near, or around the driveway located at 224 Elmwood Avenue in the City of Buffalo and State of New York.

6.      On or about August 13, 2019, and at all times hereinafter referenced, Defendant Basic Concepts, Inc. was the owner of a 2016 Ford motor vehicle bearing Florida State license plate number KSY619.

7.      At that same time, date and location, and at all times hereinafter referenced, Defendant Jacob Garcia was operating the aforementioned Ford motor vehicle owned by Defendant Basic Concepts, Inc. with the expressed and/or implied permission of the Defendant Basic Concepts, Inc.

8.      At that same time, date and location, and at all times hereinafter referenced, Defendant Jacob Garcia was operating the aforementioned Ford motor vehicle on Elmwood Avenue at, near, or around the driveway located at 224 Elmwood Avenue in the City of Buffalo, County of Erie and State of New York.

9.      As a result of the negligence of the Defendants, the aforementioned Ford motor vehicle operated by Jacob Garcia collided with Plaintiff Benjamin W. Cliff

10.     As a result of the negligence of the Defendants, Plaintiff Benjamin W. Cliff was injured.

11.     As a result of the negligence of the Defendants, Plaintiff Benjamin W. Cliff sustained a serious injury as defined by Article 51 of the Insurance Law of the State of New York.

12.     As a result of the negligence of the Defendants, and as a result of the aforementioned injuries, Plaintiff Benjamin W. Cliff incurred medical expenses and upon information and belief, will continue to incur medical expenses.

4

13.     As a result of the negligence of the Defendants, Plaintiff Benjamin W. Cliff sustained pain and suffering from his injuries and upon information and belief, will continue to sustain pain and suffering.

14.     As a result of the negligence of the Defendants, Plaintiff Benjamin W. Cliff was incapacitated from his profession and/or employment and will be incapacitated, either completely or partially, from her profession and/or employment in the future and therefore has been caused to sustain a loss in wages and other economic loss and will sustain, upon information and belief, a loss in wages and other economic loss in the future.

15.     As a result of the negligence of the Defendants, Plaintiff Benjamin W. Cliff has or will sustain an economic loss greater than basic economic loss as defined in Article 51 of the New York State Insurance Law.

16.     This action falls within one or more of the exceptions set forth in CPLR Section 1602.

17.     As a result of the foregoing, Plaintiff have sustained damages in an amount which exceeds the jurisdictional limits of all Courts of lower jurisdiction.

5

**WHEREFORE,** Plaintiff Benjamin W. Cliff seeks judgment against the Defendant Jacob Garcia and Defendant Basic Concepts, Inc. in an amount which exceeds the jurisdictional limits of all Courts of lower jurisdiction, together with the costs and disbursements of this action and for such other and further relief as the Court deems just and proper.

**DATED:**   Buffalo, New York
             June 23, 2020

Lee J. Fabiatos, Esq.
O'Brien & Ford, P.C.
Attorneys for Plaintiff
4549 Main Street, Suite 201
Buffalo, New York 14226
TEL:  (716) 907-7777

6

# EXHIBIT B

*O'BRIEN & FORD PC 4549 MAIN STREET, SUITE 201 BUFFALO, NY 14226*

# AFFIDAVIT OF SERVICE

Client's File No.: _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

| Index Number: | **806107/2020** |
|---|---|
| Date Filed: | **June 23, 2020** |

*Benjamin W. Cliff,*

*vs*

*Jacob Garcia, et al.*

*Plaintiff(s)/Petitioner(s)*

*Defendant(s)/Respondent(s)*

STATE OF SOUTH CAROLINA , SS.:

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of South Carolina

That on the following date: 6/29/2020 , at the following time: 1028 Am ,

at _____ 1310 Harris Bridge Road, Anderson, SC 29621 _____ deponent served the within

Summons and Complaint; Notice of Electronic Filing

[X] Papers so served were properly endorsed with the Index Number and date of filing.

**Upon: Basic Concepts, Inc.** _____

☐ **Individual**   By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein.

☐ **Responsible Person**   By delivering to and leaving with _____ , _____
                 **Relationship**
a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's
[ ] dwelling place    [ ] place of business/employment    [ ] last known address within the State. [ ] usual place of abode

☐ **Mail**   A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed to the above address on _____ .

☑ **Corporation LLC / LLP**   By delivering to and leaving with Steven Smith   said individual to be Controller who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **Affixing To Door**   By affixing a true copy thereof to the door, being the defendant/respondent's   [ ] dwelling place    [ ] place of business/employment
[ ] last known address within the State. [ ] usual place of abode

☐ **Previous Attempts**   Deponent previously attempted to serve the above named defendant/respondent on:
1) _____ at _____    3) _____ at _____    5) _____ at _____
2) _____ at _____    4) _____ at _____    6) _____ at _____

**Description of Recipient**   Sex: M   Color of skin: W   Color of hair: Gray   Age: 60'S   Height: 5'8
Weight: 240   Other Features: glasses

☐ **Witness Fees**   advanced payment was made.

☐ **Military Service**   I asked the person spoken with whether the defendant/respondent was in active military service and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service.

☐ **Other**

Sworn to before me on July 1, 2020 _____

_____
NOTARY PUBLIC

Gail T Hamby
Notary Public
South Carolina

_____
PROCESS SERVER - PRINT NAME BELOW SIGNATURE
Misty Davis
PROCESS SERVER LICENSE # _____

**Work Order # 2006307**

1 of 1

# EXHIBIT C

*O'Brien & Ford PC 4549 Main Street, Suite 201 Buffalo, NY 14226*

Client's File No.: _____

## AFFIDAVIT OF SERVICE

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

| | |
|---|---|
| **Index Number:** | **806107/2020** |
| **Date Filed:** | **June 23, 2020** |

*Benjamin W. Cliff,*

*vs*   *Plaintiff(s)/Petitioner(s)*

*Jacob Garcia, et al.*

*Defendant(s)/Respondent(s)*

**STATE OF FLORIDA , SS.:**

The undersigned being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of Florida

That on the following date: ___08/10/2020___ , at the following time: __5:27 pm__ ,

at _____602 E. Alexander Street, Apt. 406, Plant City, FL 33563_____ deponent served the within

Summons and Complaint; Notice of Electronic Filing

[X] Papers so served were properly endorsed with the Index Number and date of filing.

**Upon:** Jacob Garcia _____

[X] **Individual** By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the individual described therein.

[ ] **Responsible Person** By delivering to and leaving with _____ , _____
Relationship
a true copy thereof, a person of suitable age and discretion. Said premises being the defendant / respondent's
[ ] dwelling place   [ ] place of business/employment   [ ] last known address within the State. [ ] usual place of abode

[ ] **Mail** A copy thereof was deposited in a postpaid, properly addressed envelope, marked "Personal and Confidential" in a depository maintained by the U. S. P. S. and mailed to the above address on _____ .

[ ] **Corporation LLC / LLP** By delivering to and leaving with _____ said individual to be
who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

[ ] **Affixing To Door** By affixing a true copy thereof to the door, being the defendant/respondent's [ ] dwelling place   [ ] place of business/employment
[ ] last known address within the State. [ ] usual place of abode

[X] **Previous Attempts** Deponent previously attempted to serve the above named defendant/respondent on:
1) 06/25/2020 at 2:3Lpm   3) _____ at _____   5) _____ at _____
2) 07/21/2020 at 5:30 pm   4) _____ at _____   6) _____ at _____

**Description of Recipient** Sex: M   Color of skin: W   Color of hair: Brown   Age: 20's   Height: 5'7"
Weight: 140/bs   Other Features: Long Hair with dread locks

[ ] **Witness Fees** advanced payment was made.

[X] **Military Service** I asked the person spoken to whether the defendant/respondent was in active military service and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service.

[X] **Other** mr. Garcia was in Texas working. He was served upon his return home.

Sworn to before me on  8-11-2020

_Phyllis Georgetti_
**NOTARY PUBLIC**

_(signature)_
**PROCESS SERVER - PRINT NAME BELOW SIGNATURE**

PROCESS SERVER LICENSE # CPS-1478/796

**Work Order #  2006254**

PHYLLIS GEORGETTI
Notary Public - State of Florida
Commission # GG 335426
My Comm. Expires May 28, 2023
Bonded through National Notary Assn.

# EXHIBIT D

Case 1:21-cv-00623  Document 1-2  Filed 05/14/21  Page 13 of 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
_____

BENJAMIN W. CLIFF,

              Plaintiff,                      INDEX NO.: 806107/2020

    v.                                      **ANSWER**

JACOB GARCIA and BASIC CONCEPTS, INC.,

              Defendants.
_____

        Defendant Basic Concepts, Inc., by and through its attorneys, GERBER CIANO KELLY & BRADY LLP, as and for their Answer Plaintiff's Complaint allege as follows:

        1.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 1 of the Plaintiff's Complaint.

        2.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 2 of the Plaintiff's Complaint.

        3.      Defendant admits the allegation(s) contained in Paragraph 3 of the Plaintiff's Complaint.

        4.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 4 of the Plaintiff's Complaint.

        5.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

        6.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 6 of the Plaintiff's Complaint.

        7.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 7 of the Plaintiff's Complaint.

Case 1:21-cv-00623 Document 1-2 Filed 05/14/21 Page 14 of 52

8. Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegation(s) contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegation(s) contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegation(s) of negligence contained in Paragraph 11 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegations.

12. Defendant denies the allegation(s) of negligence contained in Paragraph 12 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegations.

13. Defendant denies the allegation(s) of negligence contained in Paragraph 13 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegations.

14. Defendant denies the allegation(s) of negligence contained in Paragraph 14 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegations.

15. Defendant denies the allegation(s) of negligence contained in Paragraph 15 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegations.

16. Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 16.

17.     Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 17.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed in the Complaint were caused in whole, or in part by the culpable conduct of the plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of the Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the plaintiffs, and without any culpable conduct, negligence, fault or want of care on the part of the Defendant. Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, Plaintiff's conduct was proximate cause of the alleged incident which is the subject of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Responding Defendant lacked notice of the condition or conditions alleged.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Defendant did not create the condition which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff failed to implead all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Defendant did not create the condition(s) which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Plaintiff failed to mitigate damages in this matter. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.     The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30.     Any of the acts or omissions, allegedly committed by Defendant do not constitute negligence or substantial causes or factors of Plaintiff's alleged injuries, and/or did not result in any injuries and/or damages as alleged by plaintiffs or in any way increase the risk of harm to the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31.     The Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32.     In the event that the Plaintiff is found to have been a general or special employee of the Defendant, then this action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers Compensation Law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

33.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

34.     Defendant reserves its right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, the Defendant demands judgment dismissing the Complaint against it, together with costs and disbursements of this action and attorney fees and all other relief the Court sees to provide.

DATED:      August 3, 2020
            Buffalo, New York

                                        GERBER CIANO KELLY BRADY LLP

                                        _____s/Aaron J. Aisen_____

                                        Aaron J. Aisen, Esq.
                                        *Attorney for Defendants*
                                        2400 Main Place Tower
                                        350 Main Street
                                        Buffalo, New York 14202
                                        (716) 313-2767
                                        aaisen@gerberciano.com

TO:     Lee J. Fabiatos
        O'Brien & Ford, P.C.
        *Attorneys for Plaintiff*
        4549 Main Street, Suite 201
        Buffalo, New York 14226
        Tel: (716) 907-7777

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

_____

BENJAMIN W. CLIFF,

          Plaintiff,                        INDEX NO.: 806107/2020

   v.                                   **AMENDED ANSWER**

JACOB GARCIA and BASIC CONCEPTS, INC.,

          Defendants.

_____

      Defendant Basic Concepts, Inc., by and through its attorneys, GERBER CIANO KELLY & BRADY LLP, as and for its Amended Answer to Plaintiff's Complaint, alleges as follows:

      1.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 1 of the Plaintiff's Complaint.

      2.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 2 of the Plaintiff's Complaint.

      3.      Defendant denies that its principal place of business is Florida. Defendant admits that its principal place of business is in South Carolina. Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 3 of the Plaintiff's Complaint.

      4.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 4 of the Plaintiff's Complaint.

      5.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

      6.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 6 of the Plaintiff's Complaint.

7.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 7 of the Plaintiff's Complaint.

8.      Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of the Plaintiff's Complaint.

9.      Defendant denies the allegation(s) of negligence contained in Paragraph 9 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 9.

10.     Defendant denies the allegation(s) of negligence contained in Paragraph 10 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 10.

11.     Defendant denies the allegation(s) of negligence contained in Paragraph 11 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 11.

12.     Defendant denies the allegation(s) of negligence contained in Paragraph 12 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 12.

13.     Defendant denies the allegation(s) of negligence contained in Paragraph 13 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 13.

14.     Defendant denies the allegation(s) of negligence contained in Paragraph 14 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 14.

Case 1:21-cv-00623  Document 1-2  Filed 05/14/21  Page 22 of 52

15.     Defendant denies the allegation(s) of negligence contained in Paragraph 15 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 15.

16.     Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 16.

17.     Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 17.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed in the Complaint were caused in whole, or in part by the culpable conduct of the Plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of the Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the plaintiffs, and without any culpable conduct, negligence, fault or want of care on the part of the Defendant. Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, Plaintiff's conduct was proximate cause of the alleged incident which is the subject of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Responding Defendant lacked notice of the condition or conditions alleged.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     Defendant did not create the condition which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff failed to implead all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Defendant did not create the condition(s) which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Plaintiff failed to mitigate damages in this matter. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.     The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30.     Any of the acts or omissions, allegedly committed by Defendant do not constitute negligence or substantial causes or factors of Plaintiff's alleged injuries, and/or did not result in any injuries and/or damages as alleged by plaintiffs or in any way increase the risk of harm to the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31.     The Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32.     In the event that the Plaintiff is found to have been a general or special employee of the Defendant, then this action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers Compensation Law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

33.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

34.     Defendant reserves its right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

## AS AND FOR AN EIGHTEEN AFFIRMATIVE DEFENSE

35.     The applicable statute of limitations bars plaintiff's claims in whole or in part.

**WHEREFORE**, the Defendant demands judgment dismissing the Complaint against it, together with costs and disbursements of this action, and such and other further relief as this Court may deem just and proper.


DATED:        August 14, 2020
              Buffalo, New York


                              GERBER CIANO KELLY BRADY LLP


                                    _s/Aaron J. Aisen_

                              Aaron J. Aisen, Esq.
                              *Attorney for Defendants*
                              2400 Main Place Tower
                              350 Main Street
                              Buffalo, New York 14202
                              (716) 313-2767
                              aaisen@gerberciano.com


TO:    Lee J. Fabiatos
       O'Brien & Ford, P.C.
       *Attorneys for Plaintiff*
       4549 Main Street, Suite 201
       Buffalo, New York 14226
       Tel: (716) 907-7777

EXHIBIT F

Case 1:21-cv-00623   Document 1-2   Filed 05/14/21   Page 27 of 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
_____

BENJAMIN W. CLIFF,

               Plaintiff,                        INDEX NO.: 806107/2020

    v.                                          **ANSWER**

JACOB GARCIA and BASIC CONCEPTS, INC.,

               Defendants.
_____

       Defendant Jacob Garcia ("Defendant"), by and through his attorneys, GERBER CIANO

KELLY & BRADY LLP, as and for his Answer to Plaintiff's Complaint, alleges as follows:

       1.       Defendant lacks knowledge and information sufficient to form a belief as to the

allegation(s) contained in Paragraph 1 of the Plaintiff's Complaint.

       2.       Defendant admits the allegation(s) contained in Paragraph 2 of the Plaintiff's

Complaint.

       3.       Defendant lacks knowledge and information sufficient to form a belief a as to the

allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

       4.       Defendant lacks knowledge and information sufficient to form a belief as to the

allegation(s) contained in Paragraph 4 of the Plaintiff's Complaint.

       5.       Defendant lacks knowledge and information sufficient to form a belief as to the

allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

       6.       Defendant lacks knowledge and information sufficient to form a belief as to the

allegation(s) contained in Paragraph 6 of the Plaintiff's Complaint.

       7.       Defendant lacks knowledge and information sufficient to form a belief as to the

allegation(s) contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegation(s) of negligence contained in Paragraph 9 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 9.

10. Defendant denies the allegation(s) of negligence contained in Paragraph 10 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 10.

11. Defendant denies the allegation(s) of negligence contained in Paragraph 11 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 11.

12. Defendant denies the allegation(s) of negligence contained in Paragraph 12 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 12.

13. Defendant denies the allegation(s) of negligence contained in Paragraph 13 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 13.

14. Defendant denies the allegation(s) of negligence contained in Paragraph 14 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 14.

15. Defendant denies the allegation(s) of negligence contained in Paragraph 15 of Plaintiff's Complaint and lacks knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 15.

16.    Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 16.

17.    Defendants lack knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 17.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.    The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed in the Complaint were caused in whole, or in part by the culpable conduct of the Plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of the Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.    The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the plaintiffs, and without any culpable conduct, negligence, fault or want of care on the part of the Defendant. Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.    Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the

Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Upon information and belief, Plaintiff's conduct was proximate cause of the alleged incident which is the subject of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. Responding Defendant lacked notice of the condition or conditions alleged.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. Defendant did not create the condition which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Plaintiff failed to implead all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Defendant did not create the condition(s) which is alleged to have caused Plaintiff's accident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Plaintiff failed to mitigate damages in this matter. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.     The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30.     Any of the acts or omissions, allegedly committed by Defendant do not constitute negligence or substantial causes or factors of Plaintiff's alleged injuries, and/or did not result in any injuries and/or damages as alleged by plaintiffs or in any way increase the risk of harm to the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31.     The Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32.     In the event that the Plaintiff is found to have been a general or special employee of the Defendant, then this action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers Compensation Law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

33.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

34.     Defendant reserves his right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

## AS AND FOR AN EIGHTEEN AFFIRMATIVE DEFENSE

35. The applicable statute of limitations bars plaintiff's claims in whole or in part.

**WHEREFORE**, the Defendant demands judgment dismissing the Complaint against him,

together with costs and disbursements of this action, and such and further relief as this Court may

deem just and proper.


DATED:         August 14, 2020
               Buffalo, New York



                                        GERBER CIANO KELLY BRADY LLP


                                        _____*s/Aaron J. Aisen*_____

                                        Aaron J. Aisen, Esq.
                                        *Attorney for Defendant Jacob Garcia*
                                        2400 Main Place Tower
                                        350 Main Street
                                        Buffalo, New York 14202
                                        (716) 313-2767
                                        aaisen@gerberciano.com


TO:    Lee J. Fabiatos
       O'Brien & Ford, P.C.
       *Attorneys for Plaintiff*
       4549 Main Street, Suite 201
       Buffalo, New York 14226
       Tel: (716) 907-7777

EXHIBIT G

Case 1:21-cv-00623 Document 1-2 Filed 05/14/21 Page 34 of 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

_____

BENJAMIN W. CLIFF,

             Plaintiff,                              INDEX NO.: 806107/2020

  v.                                          **SECOND AMENDED ANSWER**

JACOB GARCIA and BASIC CONCEPTS, INC.,

             Defendants.

_____

Defendant Basic Concepts, Inc. ("Defendant"), by and through its attorneys, GERBER CIANO KELLY & BRADY LLP, as and for its Second Amended Answer to Plaintiff's Complaint, alleges as follows:

    1.      Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 1 of the Plaintiff's Complaint.

    2.      Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 2 of the Plaintiff's Complaint.

    3.      Defendant denies that its principal place of business is Florida. Defendant admits that its principal place of business is in South Carolina. Defendant denies knowledge and information sufficient to form a belief as to the remaining allegation(s) contained in Paragraph 3 of the Plaintiff's Complaint.

    4.      Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 4 of the Plaintiff's Complaint.

    5.      Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

Case 1:21-cv-00623 Document 1-2 Filed 05/14/21 Page 35 of 52

6. Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegation(s) of negligence contained in Paragraph 9 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegation(s) of negligence contained in Paragraph 10 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegation(s) of negligence contained in Paragraph 11 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegation(s) of negligence contained in Paragraph 12 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegation(s) of negligence contained in Paragraph 13 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 13 of the Plaintiff's Complaint..

14.     Defendant denies the allegation(s) of negligence contained in Paragraph 14 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant denies the allegation(s) of negligence contained in Paragraph 15 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 16 of the Plaintiff's Complaint.

17.     Defendant lacks knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 17 of the Plaintiff's Complaint.

18.     Defendant denies each and every allegation not hereinbefore admitted, denied, or denied for lack of knowledge or information.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.     The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed in the Complaint were caused in whole, or in part by the culpable conduct of the Plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of the Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.     The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if Plaintiff sustained damages as alleged

in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the plaintiffs, and without any culpable conduct, negligence, fault or want of care on the part of the Defendant. Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.     Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, Plaintiff's conduct was proximate cause of the alleged incident which is the subject of this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     Responding Defendant lacked notice of the condition or conditions alleged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.     Defendant did not create the condition which is alleged to have caused Plaintiff's accident.

Case 1:21-cv-00623   Document 1-2   Filed 05/14/21   Page 38 of 52

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.     Plaintiff failed to implead all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's alleged injuries do not constitute "serious injury" as defined under New York Insurance Law § 5102.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries/damages in this matter. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30.     The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31.     Any of the acts or omissions, allegedly committed by Defendant do not constitute negligence or substantial causes or factors of Plaintiff's alleged injuries, and/or did not result in any injuries and/or damages as alleged by plaintiffs or in any way increase the risk of harm to the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32.     The Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33.     In the event that the Plaintiff is found to have been a general or special employee of the Defendant, then this action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers Compensation Law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34.     The incident complained of was caused by third parties over whom the Defendant had no control.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

35.     The applicable statute of limitations bars Plaintiff's claims in whole or in part.

### AS AND FOR AN EIGHTEEN AFFIRMATIVE DEFENSE

36.     Defendant reserves its right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, the Defendant respectfully demands judgment against the Plaintiff dismissing the Complaint herein with costs or, in the alternative, if the Complaint shall not be dismissed the amount of damages otherwise recoverable against said Defendant shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct, if any, of the Defendant together with the costs and disbursements of this action.

FILED: ERIE COUNTY CLERK 11/03/2020 03:55 PM
NYSCEF DOC. NO. 11
Case 1:21-cv-00623  Document 1-2  Filed 05/14/21  Page 40 of 52

INDEX NO. 806107/2020
RECEIVED NYSCEF: 11/03/2020

DATED:      November 3, 2020
                Buffalo, New York

GERBER CIANO KELLY BRADY LLP


_____*s/Aaron J. Aisen*_____

Aaron J. Aisen, Esq.
*Attorney for Defendant Basic Concepts, Inc.*
Central Mail:
228 Park Avenue South
Suite 97572
New York, New York 10003-1502
Office Location:
599 Delaware Avenue
Buffalo, New York 14202
Tel: (716) 313-2195
aaisen@gerberciano.com

TO:    Christopher O'Brien
       O'Brien & Ford, P.C.
       *Attorneys for Plaintiff*
       4549 Main Street, Suite 201
       Buffalo, New York 14226
       Tel: (716) 907-7777
       cobrien@obrienandford.com

7

EXHIBIT H

Case 1:21-cv-00623 Document 1-2 Filed 05/14/21 Page 42 of 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

_____

BENJAMIN W. CLIFF,

             Plaintiff,                       INDEX NO.: 806107/2020

v.                                        **AMENDED ANSWER**

JACOB GARCIA and BASIC CONCEPTS, INC.,

             Defendants.

_____

        Defendant Jacob Garcia ("Defendant"), by and through his attorneys, GERBER CIANO KELLY & BRADY LLP, as and for his Amended Answer to Plaintiff's Complaint, alleges as follows:

        1.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 1 of the Plaintiff's Complaint.

        2.     Defendant denies the allegation(s) contained in Paragraph 2 of the Plaintiff's Complaint.

        3.     Defendant denies knowledge and information sufficient to form a belief a as to the allegation(s) contained in Paragraph 3 of the Plaintiff's Complaint.

        4.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 4 of the Plaintiff's Complaint.

        5.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 5 of the Plaintiff's Complaint.

        6.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 6 of the Plaintiff's Complaint.

7.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 7 of the Plaintiff's Complaint.

8.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in Paragraph 8 of the Plaintiff's Complaint.

9.     Defendant denies the allegation(s) of negligence contained in Paragraph 9 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 9 of the Plaintiff's Complaint.

10.     Defendant denies the allegation(s) of negligence contained in Paragraph 10 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 10 of the Plaintiff's Complaint.

11.     Defendant denies the allegation(s) of negligence contained in Paragraph 11 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 11 of the Plaintiff's Complaint.

12.     Defendant denies the allegation(s) of negligence contained in Paragraph 12 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 12 of the Plaintiff's Complaint.

13.     Defendant denies the allegation(s) of negligence contained in Paragraph 13 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant denies the allegation(s) of negligence contained in Paragraph 14 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant denies the allegation(s) of negligence contained in Paragraph 15 of Plaintiff's Complaint and denies knowledge and information to form a belief as to the remaining allegation(s) in Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 16 of the Plaintiff's Complaint.

17.     Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) in Paragraph 17 of the Plaintiff's Complaint.

18.     Defendant denies each and every allegation not hereinbefore admitted, denied, or denied for lack of knowledge or information.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.     The accident or occurrence referred to in Plaintiff's Complaint and the injuries claimed in the Complaint were caused in whole, or in part by the culpable conduct of the Plaintiff, including but not limited to carelessness, contributory negligence or assumption of risk of any and all consequences of an activity voluntarily and freely undertaken, without any negligence on the part of the Defendant and as a result of which said claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the alleged injuries and/or damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.     The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the plaintiffs, and without any culpable conduct, negligence, fault or want of care on the part of the Defendant.

Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.     Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, Plaintiff's conduct was proximate cause of the alleged incident which is the subject of this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     Responding Defendant lacked notice of the condition or conditions alleged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.     Defendant did not create the condition which is alleged to have caused Plaintiff's accident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.     The incident complained of was caused by third parties over whom the Defendant had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.     Plaintiff failed to implead all necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's alleged injuries do not constitute "serious injury" as defined under New York Insurance Law § 5102.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff failed to mitigate damages in this matter. The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30.     The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31.     Any of the acts or omissions, allegedly committed by Defendant do not constitute negligence or substantial causes or factors of Plaintiff's alleged injuries, and/or did not result in any injuries and/or damages as alleged by plaintiffs or in any way increase the risk of harm to the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32. The Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33.     In the event that the Plaintiff is found to have been a general or special employee of the Defendant, then this action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers Compensation Law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34.     The incident complained of was caused by third parties over whom the Defendant had no control.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

35.     The applicable statute of limitations bars Plaintiff's claims in whole or in part.

### AS AND FOR AN EIGHTEEN AFFIRMATIVE DEFENSE

36.     Defendant reserves his right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, the Defendant respectfully demands judgment against the Plaintiff dismissing the Complaint herein with costs or, in the alternative, if the Complaint shall not be dismissed the amount of damages otherwise recoverable against said Defendant shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct, if any, of the Defendant together with the costs and disbursements of this action.

DATED:     November 3, 2020
            Buffalo, New York

                            GERBER CIANO KELLY BRADY LLP


                            _____*s/Aaron J. Aisen*_____

                            Aaron J. Aisen, Esq.
                            *Attorney for Defendant Jacob Garcia*
                            Central Mail:
                            228 Park Avenue South
                            Suite 97572
                            New York, New York 10003-1502
                            Office Location:
                            599 Delaware Avenue
                            Buffalo, New York 14202
                            Tel: (716) 313-2195
                            aaisen@gerberciano.com

TO:   Christopher O'Brien
O'Brien & Ford, P.C.
*Attorneys for Plaintiff*
4549 Main Street, Suite 201
Buffalo, New York 14226
Tel: (716) 907-7777
cobrien@obrienandford.com

# EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
_____

BENJAMIN W. CLIFF,

         Plaintiff,                        **DEMAND PURSUANT TO**

 v.                                         **CPLR 3017(c)**

JACOB GARCIA and
BASIC CONCEPTS, INC.,                   **Index No.: 806107/2020**

         Defendants.
_____

       The Defendants, Jacob Garcia and Basic Concepts, Inc., by and through their attorneys,

Gerber Ciano Kelly Brady LLP, hereby demand as follows:

       1.     A supplemental demand setting forth the total damages to which plaintiff's

deem they are entitled.

Dated: Buffalo, New York
       August 3, 2020

                                    GERBER CIANO KELLY BRADY LLP

                                  *s/Aaron J. Aisen*
                                Aaron J. Aisen, Esq.
                                *Attorney for Defendants*
                                2400 Main Place Tower
                                350 Main Street
                                Buffalo, New York 14202
                                (716) 313-2767
                                aaisen@gerberciano.com

TO:    Lee J. Fabiatos, Esq.
        O'Brien & Ford, P.C.
        *Attorneys for Plaintiff*
        4549 Main Street, Suite 201
        Buffalo, New York 14226
        Tel: (716) 907-7777

EXHIBIT J



April 27, 2021

*(via email only - aaisen@gerberciano.com)*
Aaron Aisen, Esq.
Gerber Ciano Kelly Brady, LLP
599 Delaware Avenue, Suite 100
Buffalo, NY 14202

      **Re:   Cliff vs Garcia, Basic Concepts, Inc.**

Dear Mr. Aisen:

      Pursuant to the Court's most recent Scheduling Order, please allow this correspondence to serve as our response to the Defendants' CPLR 3017(c) request.  Please be advised that, for the purposes of CPLR 3017(c), Plaintiff Benjamin Cliff's demand is $175,000.  Plaintiff reserves the right, should it become necessary, to request that the Court conform the pleadings to the proof at trial.

      Furthermore, we request that you kindly provide the last known contact information for Krofton Owen, who (according to Mr. Beak's testimony) is no longer employed by defendant Basic Concepts, Inc.

      Thank you for your attention to this matter, and please feel free to contact me should you have any questions or concerns.

               Very truly yours,

               Anant Kishore

AK/jdm